**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY HILL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SICKLERVILLE SHOPRITE, INC., ZALLIE SUPERMARKET, INC., ZALLIE SOMERSET, INC. and BERAT CORPORATION t/a ZALLIE SUPERMARKETS,<br><br>　　　　　　Defendants. | :<br>:<br>:<br>:<br>:　C.A. No.:<br>:<br>:<br>:　**COMPLAINT**<br>:<br>:　**JURY TRIAL DEMANDED**<br>:<br>: |

**INTRODUCTION**

Plaintiff, Anthony Hill ("Plaintiff"), by and through his attorney, Gerald B. Baldino, III, Esquire, brings this action against the herein named Defendants, Sicklerville ShopRite, Inc. Zallie Supermarket, Inc. Zallie Somerset, Inc. and Berat Corporation t/a Zallie Supermarkets for discrimination, harassment, and retaliation on the basis of his race and color, in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD"). Plaintiff seeks damages, including wages, compensatory, punitive, and attorneys' fees and costs, and all other relief that this Court deems appropriate, and respectfully represents as follows:

**PARTIES**

1.　　Plaintiff, Anthony Hill, is an adult individual and resident of the State of New Jersey.

2.　　Plaintiff is a now forty (40) year old African-American/Black male who had been employed by Defendant since on or about July 15, 2021, and at all times material hereto was an employee of Defendants within the meaning of the statutes that form the basis of this matter.

3.      Defendant, Sicklerville ShopRite, Inc., is a business entity registered, existing and doing business under the laws of the State of New Jersey which owns, operates, controls, and/or manages a ShopRite supermarket with a business address at 524 Berlin Cross Keys Road, in Sicklerville, NJ.

4.      Defendant, Zallie Supermarket, Inc. a is a business entity registered, existing and doing business under the laws of the State of New Jersey which owns, operates, controls, and/or manages a ShopRite supermarket with a business address at 524 Berlin Cross Keys Road, in Sicklerville, NJ.

5.      Defendant, Zallie Somerset, Inc. is a business entity registered, existing and doing business under the laws of the State of New Jersey which owns, operates, controls, and/or manages a ShopRite supermarket with a business address at 524 Berlin Cross Keys Road, in Sicklerville, NJ.

6.      Defendant, Berat Corporation t/a Zallie Supermarkets is a business entity registered, existing and doing business under the laws of the State of New Jersey which owns, operates, controls, and/or manages a ShopRite supermarket with a business address at 524 Berlin Cross Keys Road, in Sicklerville, NJ.

7.      At all times material hereto, Defendants were employers within the meaning of the statutes which form the basis of this matter.

8.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management were jointly involved in the operation, control, management, and/or ownership of the ShopRite grocery store in Sicklerville, NJ where Plaintiff

was employed, that they may be treated as a single and/or joint employer for purposes of the instant action.

9.     Defendants own and operate various supermarkets including ShopRite grocery store in Sicklerville, NJ where Plaintiff was employed located at 524 Berlin Cross Keys Road, in Sicklerville, NJ.

10.     At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## JURISDICTION AND VENUE

11.     The causes of action which form the basis of this matter arise under Title VII and the NJLAD.

12.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

13.     The District Court has supplemental jurisdiction over Plaintiff's state law claims in Count II (NJLAD) pursuant to 28 U.S.C. §1367.

14.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

15.     All conditions precedent to the institution of this suit have been fulfilled. Plaintiff timely filed a charge of discrimination, hostile work environment, retaliation, and wrongful termination with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the New Jersey Division on Civil Rights, received a Notice of Right to Sue ("NRTS") from the EEOC, and has properly commenced this action within 90 days of the receipt of the NRTS and has fully complied with all administrative prerequisites for the commencement of this action.

**GENERAL ALLEGATIONS**

16.    The foregoing paragraphs are incorporated in their entirety as if set forth fully herein.

17.    The Plaintiff, Anthony Hill, began his employment with the Defendants beginning on or about July 15, 2021, at which time he was employed as an overnight stock clerk.

18.    Throughout his employment with Defendants, he was an excellent employee, consistently meeting or exceeding expectations and standards for his position.

19.    During the course of his employment, Plaintiff Anthony was subjected to continuous harassment, and a hostile work environment by Defendants, their servants, employees, and agents, and was ultimately wrongfully discharged.

20.    Specifically, Defendants' Caucasian co-workers would routinely harass him, mock him, and make inappropriate comments concerning his race and skin color.

21.    By way of example, Plaintiff's co-workers would, almost daily, use inappropriate, racially charged language when speaking to Plaintiff.

22.    Plaintiff's co-worker, Tonya, who is Caucasian/White, would routinely call Plaintiff and other Black/African-American employees at the store "nigger."

23.    Tonya would also routinely threaten to "shoot up" or "blow up" the store because of all of the Black/African American employees and other persons of color who worked at the store and would make these comments to Plaintiff and other employees of color.

24.    Tonya would also make comments such as "Arabs took over the store" and state that she couldn't date outside her race.

25.    By way of further example, Plaintiff's co-worker, Freddy, would routinely use racial slurs such as "nigger," tell the Plaintiff that he "did not like black people," would make comments

that "certain people" (meaning Black/African Americans) have a tendency to be late, and would routinely say "I'm not racist but…" and proceed to continue the statement with an offensive comment regarding African-American/Black employees and persons.

26.    Plaintiff was also frequently harassed by other Caucasian co-workers, including Natalia and Andrew Bedwell, who would give him a difficult time about his work, workload, and breaks.

27.    The aforementioned comments and harassment were overheard by managers and directors, yet no investigation, follow-up, discipline, and other efforts to remedy the discrimination and harassment were ever taken.

28.    Furthermore, Plaintiff complained on multiple occasions to Mike Basher, the director of the store who was Caucasian, about the aforementioned harassment, discrimination, and racially charged comments and threats, but nothing was ever done, and the harassment and discrimination was permitted to continue.

29.    Plaintiff also complained to other managers, yet nothing was ever done, and the complaints were never addressed or escalated, and Plaintiff made multiple requests for grievance forms so that he could submit documentation regarding the aforementioned acts of discrimination and harassment, but was repeatedly denied access to the aforementioned forms.

30.    The Plaintiff was repeatedly told by the Director, Mike Basher, that he was not permitted to talk to or go to upper level management about his complaints of discrimination and harassment, and, furthermore, Mr. Basher and other managers would also harass and discriminate against the Plaintiff.

31.    By way of example, Mr. Basher would tell the Plaintiff that he "owned him", frequently wrote up the Plaintiff for false offenses, disciplined the Plaintiff alleged unexcused

absences even though the Plaintiff had provided out-of-work physician notes for positive Covid tests, while white/Caucasian employees were not disciplined for similar offenses and were treated more favorably.

32.     Likewise, Anthony Federico, Caucasian, the grocery manager, would frequently overwork the Plaintiff by giving him more work than Caucasian employees, making it difficult for him to take days off, and criticizing him for taking his mandatory breaks.

33.     Mr. Federico would also yell at Plaintiff and give him extra work but treated Plaintiff's white/Caucasian co-workers more favorably and never yelled at or belittled them.

34.     Mr. Federico also requested bribes from Plaintiff to keep him from getting extra work, such as requesting that Plaintiff buy him red bulls daily.

35.     While Plaintiff was discouraged from taking time off, given more work than his Caucasian counterparts, and discouraged from taking his breaks while at work, Plaintiff's Caucasian co-workers, were given less work, allowed to take more and longer breaks, were not given a hard time when requesting days off, and were not written up for workplace misconduct.

36.     By way of example, Nick, a Caucasian co-worker, was found sleeping during his shift on multiple occasions and, upon information and belief, was not written up or disciplined but Complainant was verbally disciplined for taking his mandatory breaks.

37.     Similarly, Freddy, would frequently be permitted to leave his job duties and walk around the store socializing with other employees, and would not be written up.

38.     Following his complaints of discrimination, Defendants also tried to cut his hours, limiting the Plaintiff's earning capacity.

37.     It is believed and therefore averred that the extra work, cutting of hours, unjustified write-ups, and limits on taking breaks and days off were also retaliatory for his complaints of discrimination.

38.     Plaintiff's Black/African-American co-workers were similarly mistreated, harassed, and discriminated against, including but not limited to Michael Nesbitt.

39.     In or about December 2022, Plaintiff was terminated, which termination was discriminatory and retaliatory.

40.     Upon information and belief, white/Caucasians co-workers were not fired for similar instances of workplace conduct.

41.     Furthermore, Defendants had a pattern and practice of firing Black/African-American employees for minor or imaginary offenses, while Caucasian employees were not fired for the same or similar offenses.

42.     The aforementioned harassment and discrimination were witnessed by Plaintiff's co-workers, at least one of whom has filed their own charge of discrimination and harassment on similar grounds and who has subsequently filed a Complaint which is pending before this Court.

43.     Following the filing of Plaintiff's underlying EEOC Charge, the EEOC, through its District Director, issued a Determination and therein noted that they had "determined that there is reasonable cause to believe that Respondent violated Title VII of the Civil Rights Act of 1964, as amended, by discharging Charging Party from employment, while permitting several employees not of his protected class to continue their employment with Respondent despite accumulating an equal or greater number of absences and attendance issues."

44.     Plaintiff was discriminated against on the basis of his race/color with respect to the terms, conditions and/or privileges of his employment.

45. The hostile work environment Plaintiff was subjected to was unwelcome and based on his race/color, was severe and/or pervasive, was humiliating and degrading, and unreasonably interfered with his work.

46. Plaintiff viewed the harassment and discrimination and retaliatory conduct as creating an abusive and hostile work environment, as would a reasonable person under similar circumstances.

47. Defendant wholly failed to prevent or address the discriminatory and harassing and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory, harassing, and hostile conduct, and instead wrongfully terminated the Plaintiff for complaining of such conduct and/or because of his race and color, and otherwise acted in such as manner which would deter a reasonable employee from exercising their rights.

48. The discriminatory, harassing, and hostile conduct of Defendant was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

49. Defendants acted with malice, reckless indifference and/or deliberate indifference to Plaintiff's federal and locally protected rights.

50. Upon information and belief, Defendant had a pattern or practice of discriminating against employees based upon their race/color.

51. Plaintiff's race/color was a motivating factor in Defendant's improper and discriminatory treatment of plaintiff.

52.     Plaintiff's race/color was a determinative factor in Defendant's improper and discriminatory treatment of plaintiff.

53.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity including back and front pay, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – TITLE VII

### Plaintiff, Anthony Hill v. Defendants Sicklerville ShopRite, Inc. Zallie Supermarket, Inc. Zallie Somerset, Inc. and Berat Corporation t/a Zallie Supermarkets

54.     Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

55.     By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendant has violated Title VII.

56.     Said violations were willful and intentional and warrant the imposition of punitive damages.

57.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

58.     Plaintiff is now suffering irreparable injury and monetary damages as a result of Defendant's discriminatory acts, harassment, and retaliation.

59.     By reason of Defendant's discriminatory acts, harassment, and retaliation, Plaintiff Hill is entitled to all legal and equitable remedies available under Title VII.

60.     No previous application has been made for the relief requested herein.

## COUNT II – NJLAD

**Plaintiff, Anthony Hill v. Defendants Sicklerville ShopRite, Inc. Zallie Supermarket, Inc. Zallie Somerset, Inc. and Berat Corporation t/a Zallie Supermarkets**

61.     Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

62.     By committing the foregoing acts of discrimination, harassment, and retaliation against Plaintiff, leading to Plaintiff's constructive discharge, Defendant has violated the NJLAD.

63.     Said violations were intentional and willful.

64.     As a direct and proximate result of Defendant's violation of the NJLAD, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

65.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts and harassment unless and until the Court grants the relief requested herein.

66.     By reason of Defendants' discrimination and harassment and retaliation, Plaintiff is entitled to all legal and equitable remedies available under the NJLAD.

67.     No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)   declaring the acts and practices complained of herein to be in violation of Title VII;

(b)   declaring the acts and practices complained of herein to be in violation of the NJLAD;

(c)   enjoining and permanently restraining the violations alleged herein;

(d)   entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)   awarding compensatory damages to make the Plaintiff whole for all past lost earnings, future lost earnings, earning capacity and benefits, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f)   awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)   awarding punitive damages to Plaintiff under Title VII and the NJLAD;

(h)   awarding Plaintiff such other damages as are appropriate under Title VII, and the NJLAD;

(i)   awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(j)   granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**JURY DEMAND**

Plaintiff demands a trial by jury of the claims asserted herein.

/s/ Gerald B. Baldino, III
GERALD B. BALDINO, III, ESQUIRE
Attorney I.D. No. 295012019
SACCHETTA & BALDINO
24 South Broad Street
Woodbury, NJ 08096
P: (856) 845-4400
F: (856) 845-0400
gbaldino@sbattorney.com
*Attorney for Plaintiff*

Dated: November 11, 2025